

| | |
|---|---|
| **DEPARTMENT:** Information Protection and Security | **POLICY DESCRIPTION:** Use of Force |
| **PAGE:** 1 of 7 | **REPLACES POLICY DATED:** |
| **EFFECTIVE DATE:** April 1, 2021 | **REFERENCE NUMBER:** IP.PS.009 |
| **APPROVED BY:** Ethics and Compliance Policy Committee | |

**SCOPE:** Company-affiliated hospitals, stand-alone emergency departments and ambulatory surgery centers in the United States.

**PURPOSE:** To provide a framework on the reasonable use of force. While there is no way to specify the exact amount or type of reasonable force to be applied in any situation, every colleague is expected to make such decisions in a professional, impartial, and reasonable manner.

**DEFINITIONS:**

**Active Aggression** – a Subject actively (in the moment) exhibiting verbal resistance or physical violence to other individuals and/or property.

**Active Resistance** – pulling away or fleeing from Colleagues without an attempt to injure other individuals, which includes a person who pushes individuals to gain space to flee.

**Brandish** – to draw or exhibit a weapon or tool.

**Conducted Energy Device** (CED) – a tool that provides an electric shock aimed at temporarily disrupting muscle functions and/or inflicting pain without causing significant injury (e.g., Taser® or stun-gun).

**Conservators of the Peace** – an official of the government or private organization authorized by law to act in such a manner that will preserve and maintain order and safety.

**Deadly Force** – force reasonably anticipated and intended to create a substantial likelihood of causing death or very serious injury. This includes force that, under the circumstances, is readily capable of causing death or serious physical injury.

**Force** – the application of physical techniques or tactics, chemical agents or weapons to a Subject. Voluntary search or escort is not a use of force.

**Law Enforcement Official** – a government employee appointed to enforce the law (e.g. police officer or sheriff).

**Illegal Act** – refers to an act(s) condemned as illegal by the government (e.g., physical assault).

**Legal Restraints** – legal devices used to restrict physical movement with the intent to detain and/or protect patients, colleagues and/or visitors from criminally violent behavior (e.g., handcuffs and/or shackles).

**Minimal Force** – the minimal amount of force required for defense on a physical attack.

**Nonviolent Crisis Intervention** – verbal, non-verbal and para-verbal de-escalation skills learned in de-escalation training.

**Objectively Reasonable** – a standard used to judge a colleague's actions. Under this standard, a particular application of force must be judged through the perspective of a reasonable colleague facing the same set of circumstances, without the benefit of hindsight, and be based on the totality of the facts that were known to the colleague at the time force was used.

3/2021



| **DEPARTMENT:** Information Protection and Security | **POLICY DESCRIPTION:** Use of Force |
|---|---|
| **PAGE:** 2 of 7 | **REPLACES POLICY DATED:** |
| **EFFECTIVE DATE:** April 1, 2021 | **REFERENCE NUMBER:** IP.PS.009 |
| **APPROVED BY:**  Ethics and Compliance Policy Committee ||

**Passive Resistance** – resistance exercised by deliberate non-compliance to commands or by deliberately using body weight and/or body position to inhibit Colleagues attempt to gain control of a Subject.

**Physical Injury** – impairment of physical condition or substantial pain.

**Reasonable Force** – the amount of force that a reasonable individual would use in the same circumstance.

**"Security" Personnel** – individuals employed or contracted by the facility to protect patients, people, assets, systems and facilities; excludes law enforcement officials.

**Serious Physical Injury** – physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ.

**Subject** – an individual actively (in the moment) exhibiting verbal resistance or physical violence to other individuals and/or property.

**Verbal Resistance** – a Subject who states their intention of non-compliance with commands. Also includes argumentative Subjects who indicate their intent to be non-compliant through their words and actions.

**POLICY:**

1. This policy does not restrict or provide guidance to law enforcement officials or Conservators of the Peace acting pursuant to their sworn duty.

2. It is the responsibility of colleagues to comply with this policy and/or to assess situations and act within reasonable guidelines or professional judgement.

3. Colleagues are expected to use de-escalation training and verbal skills to defuse behavioral/crisis situations when feasible. This includes situations when a Subject is displaying Verbal Resistance, Passive Resistance, Active Resistance, or Active Aggression and poses no immediate threat to self or others.

4. Colleagues will only use force necessary to defend themselves or others from injury against a combative Subject and will immediately cease to use force when the Subject is no longer causing physical harm to themselves or others.

5. Use of force on a Subject in restraints is strictly prohibited unless the Subject has continued physical active resistance that requires further measures to provide safety. This type of incident will be documented with particular emphasis on explaining why additional force was used on a restrained Subject.

6. Colleagues that carry out techniques involving force will be trained, show competency and be credentialed. Colleagues will employ authorized tools and techniques they have received training to operate with the appropriate credentials to use. Use of an object or tool, other than authorized tools, is prohibited except under extreme, exigent circumstances relying on



| DEPARTMENT: Information Protection and Security | POLICY DESCRIPTION: Use of Force |
|---|---|
| PAGE: 3 of 7 | REPLACES POLICY DATED: |
| EFFECTIVE DATE: April 1, 2021 | REFERENCE NUMBER: IP.PS.009 |
| APPROVED BY:  Ethics and Compliance Policy Committee ||

professional judgment. When the use of "other than authorized tools" becomes necessary, colleagues will disengage as soon as possible and transition to an authorized tool. A detailed explanation for using "other than authorized tools" will be documented in the incident report.

7. De-escalation, medical/behavioral restraints, CED and handcuffs are authorized tools for colleagues. Firearms, batons and Oleoresin Capsicum (OC) gel/foam "pepper spray" are not authorized. This does not restrict or provide guidance to law enforcement.

8. Centers for Medicare and Medicaid Services (CMS) does not consider the use of weapons in the application of restraint or seclusion as a safe, appropriate health care intervention. For the purposes of this policy, the term "weapon" includes, but is not limited to pepper spray, mace, a nightstick, Taser®, cattle prod, stun gun, and/or pistol. Security colleagues may carry weapons as allowed by hospital policy, State and Federal law. However, the use of weapons by a Security colleague is considered a law enforcement action, not a health care intervention. CMS does not support the use of weapons by any hospital colleague as a means of subduing a patient in order to place that patient in restraint or seclusion. **If a weapon is used by Security or law enforcement personnel on a person in a facility (i.e., patient, colleague, or visitor) to protect people or facility property from harm, the event is expected to be handled as criminal activity, and the perpetrator be placed in the custody of local law enforcement.**[1]

**GUIDELINES:**

**Use of Force Levels:**

Use of force can be separated into identifiable levels of intensity, applied in response to an individual's actions. These use of force levels align with the National Institute of Justice (NIJ) continuum of force standards. These levels are:

| LEVEL | EXAMPLES |
|---|---|
| LEVEL 1: Nonviolent Crisis Intervention | De-escalation, security or Colleague presence |
| LEVEL 2: Empty Hand Control (Soft) | Empty hand control (grabs, holds, joint locks), assisted escort, clinical medication/behavioral restraints |
| LEVEL 3: Empty Hand Control (Hard) | Strike or kick |
| LEVEL 4: Less-Lethal | CED used/deployed (CED, OC gel/foam, baton use by law enforcement) |

---

[1] Only designated facilities have been provided an exception to utilize firearms as they are high risk and unable to hire or contract off-duty law enforcement due to State law.

3/2021



| DEPARTMENT: Information Protection and Security | POLICY DESCRIPTION: Use of Force |
|---|---|
| PAGE: 4 of 7 | REPLACES POLICY DATED: |
| EFFECTIVE DATE: April 1, 2021 | REFERENCE NUMBER: IP.PS.009 |
| APPROVED BY:  Ethics and Compliance Policy Committee | |

| LEVEL 5: Lethal Force | Carotid control/pressure or any other force that could result in serious injury or death, firearm[2] (firearm brandished/used by law enforcement) |
|---|---|

**PROCEDURE:**

A. **Passive/Verbal Resistance**

In the event a Subject is verbally stating their intention of non-compliance or is argumentative, this includes being deliberately non-compliant with facility colleagues to ensure their safety and well-being.

Colleagues should:

1. Allow the Subject to de-escalate and calm down on their own. If not emergent, resume conversation at a later time;
2. Provide space, backing away or place safe barriers between themselves and the Subject;
3. Attempt to de-escalate the Subject according to their training; or
4. Initiate a behavioral emergency response team (BERT) to de-escalate the Subject.

B. **Active Resistance**

Subject is using verbal threats or vulgarity, pulling away, or fleeing without an attempt to injure another.

1. If the Subject is free-to-leave the facility voluntarily:

    Attempt de-escalation techniques. Provide loud and clear verbal commands to the individual indicating the action they should follow. Attempts to apprehend the individual will be avoided.

2. If a Subject is not free to leave the facility:

    Empty hand control (soft) may be used in the facility such as empty hand/pressure point escort, and/or clinical medication/behavioral restraints.

C. **Active Physical Aggression**

1. A Subject is actively (in the moment) exhibiting physical violence to individuals. Reasonable continuum of force may be applied to defend oneself or another against imminent bodily harm or death. The level of force used depends upon the degree of physical attack and the reasonable perception of the threat of injury.
2. Level of force examples are provided below; however, professional and personal judgment should be utilized to determine the best and safest response.

---

[2] CMS §482.13(e)

3/2021



| | |
|---|---|
| **DEPARTMENT:** Information Protection and Security | **POLICY DESCRIPTION:** Use of Force |
| **PAGE:** 5 of 7 | **REPLACES POLICY DATED:** |
| **EFFECTIVE DATE:** April 1, 2021 | **REFERENCE NUMBER:** IP.PS.009 |
| **APPROVED BY:**  Ethics and Compliance Policy Committee | |

  3. Colleagues should attempt to retreat and/or back away from the physical attack for their safety and continue using de-escalation techniques.
  4. Colleagues should contact law enforcement officials to manage the event further.
  5. If a colleague is unable to retreat, professional and personal judgment should be utilized to determine the best and safest response. As an example:
      a. if a Subject is pushing, slapping, biting, spitting, pinching, throwing objects, etc., empty hand control techniques may be used. Use of force examples include empty hand/pressure point escort, clinical medication/behavioral restraints or a CED removed from holster;
      b. if an individual is choking, kicking, striking/punching, strangling, etc., empty hand (hard) or less than lethal techniques may be used. Use of force examples include CED use, strike, and/or take-down to stop the attack; and/or
      c. if an individual has drawn a weapon, such as a knife or firearm, less than lethal force may be utilized for self-defense or defense of others.

D. **Use of CED** (This section only applies to facilities that utilize CED)
  1. Only Security who are trained and credentialed are authorized to utilize a CED. Refer to CED Policy, IP.PS.011.
  2. A CED will only be used for self-defense or defense of others to stop a physical attack.
  3. A post incident response investigation is required after application or use of a CED.

E. **Effecting an Arrest**
  1. Colleagues may only use legal restraints (e.g., handcuffs) when effecting an arrest.
  2. When legal restraints are used, colleagues must contact law enforcement officials or promptly present the individual to a magistrate.

F. **Post Incident Response Investigation**
  1. A use of force debrief/investigation should be completed promptly when:
      a. a colleague's use of force goes above open hand control (soft) physical techniques (level 3-5); or
      b. a Subject is injured or claims to be injured, regardless of the level of force used.
  2. Colleagues that use any level of force in an incident will complete a Use of Force Report accurately detailing the Subject's actions that necessitated force as well as the colleague's actions and all circumstances relevant to the event. The report should articulate the factors perceived and reason the colleague believed use of force was necessary under the circumstances.



| **DEPARTMENT:** Information Protection and Security | **POLICY DESCRIPTION:** Use of Force |
|---|---|
| **PAGE:** 6 of 7 | **REPLACES POLICY DATED:** |
| **EFFECTIVE DATE:** April 1, 2021 | **REFERENCE NUMBER:** IP.PS.009 |
| **APPROVED BY:** Ethics and Compliance Policy Committee | |

3. If an individual claims injury or is injured, photographs of the affected area should be taken.
4. All witnesses will provide a written summary of what they observed, when possible.
5. Any security video footage of the incident will be retained with the written reports.
    a. Reports, statements and video will be submitted to the facility Security Administrator before the end of the shift or post debrief/investigation.
    b. Objectively Reasonable Assessment. The totality of the circumstances as described in the incident report and subsequent investigative interviews should determine if a colleague's response was reasonable in relationship to the individual's resistance. Therefore, all situational factors known to colleagues at the time of the assessment should be included in the incident description to establish if the force used was reasonably necessary.
    c. Within a reasonable timeframe the facility Security Administrator should complete a written review of the incident. This may include a recommendation for disciplinary action or remedial training.
    d. The facility Security Administrator will forward copies of the security incident report and debrief form and written review of the incident to the site Quality/Risk Manager, or designee, upon completion of the internal investigation.

G. **Post Incident Response Investigation with Deadly Force Techniques**
  1. Colleague will be immediately placed on administrative leave, not scheduled to work a shift at the facility, until all investigations are complete by law enforcement officials and the facility.
  2. An appropriate investigation should be conducted by internal and external resources to determine if the use of force was justified and policies followed.

    Internal investigation team to include senior level administration (e.g., CEO, COO or CNO, Risk Manager, Quality and Security Administrator).

H. **Colleague Training**
  1. Colleagues that employ use of force tools/techniques will receive training on this policy and demonstrate their knowledge and understanding. Colleagues will complete competencies in accordance with licensure and state laws.
  2. Colleagues unable to complete or not score satisfactory on competencies will be allowed to complete one re-training session to gain competency.

**REFERENCES:**

1. CMS §482.13(e)
2. Physical Security Program Policy, IP.PS.001

3/2021



| | |
|---|---|
| **DEPARTMENT:** Information Protection and Security | **POLICY DESCRIPTION:** Use of Force |
| **PAGE:** 7 of 7 | **REPLACES POLICY DATED:** |
| **EFFECTIVE DATE:** April 1, 2021 | **REFERENCE NUMBER:** IP.PS.009 |
| **APPROVED BY:**  Ethics and Compliance Policy Committee | |

3. Theft and Workplace Violence Policy, IP.PS.002
4. Patient Restraint/Seclusion Policy, COG.COG.001
5. Conducted Energy Device (CED) Policy, IP.PS.011
6. Behavioral Emergency Response Team Guideline/Policy
7. IAHSS Guidelines, 02.02.05 Security Use of Physical Force
8. National Institute of Justice (NIJ) Use-of-Force Continuum
9. Sample Use of Force Debrief Assessment Form
10. Use of Force Training

3/2021