# TEMPORARY DETENTION ORDER – MAGISTRATE
Commonwealth of Virginia  Va. Code §§ 37.2-809; 19.2-169.6, 19.2-182.9

Richmond  [X] General District Court  [ ] Circuit Court

**Case No.:** 23000881

**NAME OF RESPONDENT:** Charles BYERS
**ADDRESS OF RESPONDENT:** 901 Marblethorpe Road, North Chesterfield, VA 23236

**RACE:** W  **SEX:** M  **HT:** 6'00"  **WGT:** 223  **EYES:** BRO  **HAIR:** BRO

**TO ANY AUTHORIZED OFFICER OF:** Chesterfield

This temporary detention order is hereby issued [ ] upon motion of the undersigned magistrate

[X] upon the sworn petition of **Sauder, Julia - LCSW**  (804) 819 - 4100

an evaluation having been conducted by **Sauder, Julia - LCSW**

**AGENCY/FACILITY:** RBHA CRISIS  (804) 819 - 4100

**TDO** 763GM-23)0000955

based upon a finding of probable cause pursuant to

[X] § 37.2-809, it appearing from all evidence readily available, including any recommendation from a physician, clinical psychologist, clinical social worker, or licensed professional counselor treating the person, and if available, information provided by the person who initiated emergency custody, that the person (i) has a mental illness, and that there exists a substantial likelihood that, as a result of mental illness, the respondent will, in the near future, (a) cause serious physical harm to him/herself or others as evidenced by recent behavior causing, attempting, or threatening harm and other relevant information or (b) suffer serious harm due to his/her lack of capacity to protect him/herself from harm or to provide for his/her basic human needs, (ii) is in need of hospitalization or treatment, and (iii) is unwilling to volunteer or incapable of volunteering for hospitalization or treatment.

[ ] subdivision A2 of § 19.2-169.6, it appearing from all evidence readily available, including any recommendation from a physician or clinical psychologist treating the inmate, that the inmate (i) has a mental illness; (ii) there exists a substantial likelihood that, as a result of a mental illness, the inmate will, in the near future, cause serious physical harm to him/herself or others as evidenced by recent behavior causing, attempting, or threatening harm and other relevant information; and (iii) the inmate requires treatment in a hospital rather than a local correctional facility.

[ ] § 19.2-182.9, that the respondent is an acquittee on conditional release who has violated the conditions of release or is no longer a proper subject for conditional release, and requires emergency evaluation to assess the need for inpatient hospitalization.

**THEREFORE**, you are commanded to execute this order, take the respondent into custody and
[X] transport the respondent from the respondent's current location to the location listed below, or if this order is entered pursuant to § 37.2-809, to the alternative facility of temporary detention identified by the employee or designee of the community services board if you continue to have custody of the respondent when an alternative facility is identified.

[ ] transfer custody of the respondent to the alternative transportation provider, ............ DC-4000, ORDER FOR ALTERNATIVE TRANSPORTATION PROVIDER, is attached.

**CURRENT LOCATION OF RESPONDENT:** Tucker's Pavillion Chippenham, 7101 Jahnke Rd, Richmond, Va. 23225

**NAME AND ADDRESS OF TEMPORARY DETENTION FACILITY:** Central State Hospital, 26317 W. Washington Street, Petersburg, VA 23803

[X] Prior to placement in the above temporary detention facility, transport the respondent
 [X] for emergency medical evaluation or treatment
 [X] for medical evaluation or treatment as may be required by a physician at the temporary detention facility

to: Tucker's Pavillion Chippenham, 7101 Jahnke Rd, Richmond, Va. 23225
**NAME AND ADDRESS OF FACILITY**

The duration of temporary detention may not exceed the period authorized in Virginia Code § 37.2-809, subdivision A 2 of § 19.2-169.6 or § 19.2-182.9. If this order commands that the respondent be detained pursuant to § 37.2-809, the director of the facility of temporary detention may release the respondent prior to a hearing as authorized in § 37.2-814 if it appears, based on an evaluation conducted by the psychiatrist or clinical psychologist treating the respondent, that the respondent no longer meets the criteria for temporary detention. If the respondent is detained by this order pursuant to subdivision A 2 of § 19.2-169.6 or §19.2-182.9, the director of the facility of temporary detention may not release the respondent without an order of a judge. If the judicial officer issues this order pursuant to § 37.2-809, or subdivision A 2 of §19.2-169.6, this order becomes void if not executed within [X] 24 hours [ ] ............ hours after issuance.

**TO ANY HEALTH CARE PROVIDER** as defined in Virginia Code § 32.1-127.1:03, or other provider who has provided or is currently providing services to or is currently evaluating the respondent: Virginia Code § 37.2-804.2 requires you to disclose certain information upon request. (See Page Two, AUTHORIZATION FOR DISCLOSURE AND USE OF HEALTH INFORMATION.)

**DATE AND TIME OF ISSUANCE:** 07/06/2023 02:08 AM

**MAGISTRATE:** Martesha M. Bishop

Respondent discharged from institution on this day: ............ by ............

**EXECUTED** by delivering a copy of this Order to the respondent on this day 7/6/2023 0251 HRS

**NAME OF TEMPORARY DETENTION FACILITY (IF DIFFERENT FROM ABOVE):** Tuckers Pavillion Chippenham

**DATE AND TIME RESPONDENT DELIVERED TO FACILITY:** 7/6/2023 15:00

**OFFICER TAKING RESPONDENT INTO CUSTODY:** A.R. Vineyard 2053, CCPD, 020

for ............ SHERIFF

FORM DC-394A (MASTER, PAGE ONE OF TWO) 07/22  **COURT COPY**

Received JUL 07 2023 RICHMOND GDC CIVIL