IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| MARGARET P. BYERS, *et al.*,<br>Plaintiffs,<br><br>v.<br><br>GORDON J. PAINTER, *et al.*,<br>Defendants. | ) | Civil Action No. 3:23CV801 (RCY) |

**MEMORANDUM OPINION**

This matter comes before the Court on Cross-Motions for Summary Judgment filed by Plaintiffs Margaret P. Byers and Michael C. Byers (collectively, "Plaintiffs") and Defendant Gordon J. Painter (ECF Nos. 192 and 200, respectively). Therein, the parties each argue that they are entitled to judgment as a matter of law as to Count One of the Second Amended Complaint, Plaintiffs' Section 1983 claim against Defendant Painter. *See generally* Pls.' Mem. Supp. Mot. Summ. J., ECF No. 193; Def.'s Mem. Supp. Mot. Summ. J. ("Def.'s Mem. Supp."), ECF No. 201. Defendant Painter additionally argues that he is entitled to summary judgment regarding Count Three, Plaintiffs' Virginia state law wrongful death claim against Defendant Painter premised on a theory of willful and wanton conduct. *See* Def.'s Mem. Supp., ECF No. 201.

The motions have been fully briefed,[1] and the Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. E.D. Va. Loc. Civ. R. 7(J); Fed. R. Civ. P. 78. For the reasons stated below, it is appropriate to deny both motions: Defendant Painter's Motion for Summary Judgment

[1] As a preliminary matter, the Court DENIES Plaintiffs' Motion for Leave to File a Limited Sur-Reply (ECF No. 217). Sur-replies are highly disfavored. *Trs. of Columbia Univ. v. Symantec Corp.*, 2019 WL 13189619, at *2 (E.D. Va. Oct. 10, 2019). "Generally, courts allow a party to file a sur-reply only when fairness dictates based on new arguments raised in the previous reply." *Dillard v. Kolongo*, 2017 WL 2312988, at *6 (E.D. Va. May 25, 2017). The Court finds that Defendant Painter did not raise new arguments or bring forth new material in his Reply in Support of Summary Judgment, ECF No. 215, and therefore a sur-reply is unnecessary and improper.

as to Counts One and Three and Plaintiffs' Motion for Partial Summary Judgment as to Count One.[2]

## II. STANDARD OF REVIEW

The relevant inquiry in the summary judgment analysis is "whether the evidence presents a sufficient disagreement to require submission to a [trier of fact] or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). In reviewing cross-motions for summary judgment, the Court will consider each motion separately on its own merits to determine if either party deserves judgment as a matter of law. *Belmora LLC v. Bayer Consumer Care AG*, 987 F.3d 284, 291 (4th Cir. 2021) (citations omitted). The party seeking summary judgment bears the initial burden of showing (1) that there is no genuine dispute of material fact, and (2) that, on the undisputed record, it is entitled to judgment as a matter of law. *Richardson v. Clarke*, 52 F.4th 614, 618 (4th Cir. 2022) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–86 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson*, 477 U.S. at 247–48. A material fact is one that might affect the outcome of a party's case. *Id.* at 248; *JKC Holding Co. LLC v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001). A "genuine" issue concerning a "material" fact only arises when the evidence, viewed in the light most favorable to the nonmoving party, is sufficient to allow a reasonable trier of fact to return a verdict in that party's favor. *Anderson*, 477 U.S. at 247–48.

---

[2] On October 28, 2026, the Court issued an Order denying the instant cross-motions for summary judgment, promising an opinion to follow. Order, ECF No. 237. This Memorandum Opinion explains the reasoning underpinning that Order.

Furthermore, to defeat an otherwise properly supported motion for summary judgment, the nonmoving party must rely on more than conclusory allegations, "mere speculation or the building of one inference upon another," or the "mere existence of a scintilla of evidence" concerning a material fact. *Stone v. Liberty Mut. Ins. Co.*, 105 F.3d 188, 191 (4th Cir. 1997) (citations omitted); *Anderson*, 477 U.S. at 252. Accordingly, to deny a motion for summary judgment, "[t]he disputed facts must be material to an issue necessary for the proper resolution of the case, and the quality and quantity of the evidence offered to create a question of fact must be adequate." *Thompson Everett, Inc. v. Nat''l Cable Adver.*, LP, 57 F.3d 1317, 1323 (4th Cir. 1995). "Thus, if the evidence [to support the non-movant's position] is merely colorable or not significantly probative, it may not be adequate to oppose entry of summary judgment." *Id.* (cleaned up). In reviewing a motion for summary judgment, the Court exercises great care to resolve any factual disputes and "competing, rational inferences" in the light most favorable to the opposing party. *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003) (cleaned up).

## III. ANALYSIS

The Court has considered the motions of both parties and determined that a genuine dispute of material fact exists as to both Counts One and Three. Summary judgment is therefore inappropriate. *See* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

### A. Claims at Issue

The claims implicated by the present cross-motions are (1) Plaintiffs' § 1983 claim against Defendant Painter, alleging that Painter deprived Charles Byers of his Fourth Amendment right to be free from excessive force, and (2) Plaintiffs' claim that Painter acted with willful and wanton negligence when he shot and ultimately killed Byers.

To prevail on their § 1983 claim and defeat Painter's assertion of qualified immunity in connection with the same, Plaintiffs must establish evidence sufficient for a trier of fact to find that: (1) in shooting Charles Byers, Painter violated Byers's constitutional right to be free from excessive force, and (2) that it would be clear to a reasonable officer that Painter's conduct was unlawful in the particular situation he confronted. 42 U.S.C. § 1983; *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *Sims v. Labowitz*, 885 F.3d 254, 263 (4th Cir. 2018) (citing *Clem v. Corbeau*, 284 F.3d 543, 553 (4th Cir. 2002)); *Livingston v. Kehagias*, 803 Fed. App'x 673, 678 (4th Cir. 2020). The first aspect of this analysis, in the context of the present case, turns on "whether the hypothetical reasonable officer in that situation would have had 'probable cause to believe that the suspect pose[d] a threat of serious physical harm, either to the officer or to others.'" *Stanton v. Elliott*, 25 F.4th 227, 233 (4th Cir. 2022) (quoting *Waterman v. Batton*, 393 F.3d 471, 477 (4th Cir. 2005)).

With respect to Count Three, Plaintiffs' willful and wanton conduct claim, Plaintiffs are required to establish that Defendant Painter "acted consciously in disregard of [Byers]'s rights or act[ed] with reckless indifference to the consequences, with the defendant aware, from his knowledge of existing circumstances and conditions, that his conduct probably would cause injury to another." *Cowan v. Hospice Support Care, Inc.*, 603 S.E.2d 916, 916 (Va. 2004). Count Three rises and falls with Count One, in this case. *See* Painter Mot. Dismiss Mem. Op. 15–16, ECF No. 139 ("[A]n officer who violates a clearly established right has committed a constitutional violation "every reasonable officer" understands is violative." (citing *Adams v. Ferguson*, 884 F.3d 219, 226 (4th Cir. 2016))).

**B. The Parties Dispute the Nature of Charles Byers's Movements Prior to and During the Shooting**

Although the incident giving rise to Plaintiffs' claims against Defendant Painter was

documented by the officers' body worn cameras, this footage does not "blatantly contradict" either party's interpretation of the facts leading up to Defendant Painter's shooting of Charles Byers. *See Scott v. Harris*, 550 U.S. 372, 380 (2007) (It is only "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it," that "a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."); *accord McDowell v. Sheerer*, 374 F. App'x 288, 292 (3d Cir. 2010) (reversing district court's award of summary judgment where ambiguous video evidence plausibly supported the non-movant's version of events and thus created a genuine issue of material fact). Thus, the Court must give credence to both parties' interpretations of the video record, which reflects a genuine dispute over whether Charles Byers's shoulder movement preceding the first shots constituted preparation to charge or throw the hatchet he held at his side, or whether it was a benign motion. The record further reflects a genuine dispute over whether Charles Byers, as he partially turned away from the officers following the first volley of shots, was preparing to "uncoil" and throw the hatchet in the direction of the officers, or whether he was simply being spun by the force of the shots and/or was turning to flee.

**C. The Factual Dispute is Material**

This pair of disputes is material, insofar as it implicates whether Charles Byers posed an immediate threat of serious bodily injury or death to the officers on the scene or to bystanders when Officer Painter commenced shooting and as he continued firing. The Court recognizes that the "immediate threat" question must be answered in conjunction with consideration of the totality of the circumstances and is not a question limited to the moment the force was used. *See Byers v. Painter*, 173 F.4th 155, 162 (4th Cir. 2026). Nevertheless, it finds itself unable to resolve this question as a matter of law, as the construction of the movements described above is a factual determination that is "necessary for the proper resolution of the case," and the interpretive evidence

offered by either side to create the question of fact is "adequate." *Thompson Everett, Inc.*, 57 F.3d at 1323.

Because of this factual dispute regarding the exact circumstances leading to Defendant Painter's decision to shoot Charles Byers, the Court cannot find that either party is entitled to judgment as a matter of law on either prong of the § 1983 qualified immunity analysis: that (1) Painter violated Byers's constitutional right to be free from excessive force *based on the totality of the circumstances*, and (2) that it would be clear to a reasonable officer that Painter's conduct was unlawful *in the particular situation he confronted*.[3] And because, again, the willful and wanton claim rises and falls with Plaintiffs' ability to prove their § 1983 claim and defeat Painter's assertion of qualified immunity for his actions, Painter is not entitled to judgment as a matter of law on that claim, either.

## IV. CONCLUSION

Having determined that a genuine dispute of material fact exists related to both Counts One and Three, the cross-motions for summary judgment must be denied. Fed. R. Civ. P. 56(a).

/s/
Roderick C. Young
United States District Judge

Date: October 30, 2026
Richmond, Virginia

[3] The Court further notes that this is not a case where, in defining the particulars of the underlying constitutional violation, it can assume away the genuine dispute of material fact in Plaintiffs' favor and so skip to the second stage of the qualified immunity analysis to resolve the motions with a purely legal analysis. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (allowing courts to choose which step of the qualified immunity analysis should be addressed first); *cf. Ray v. Roane*, 948 F.3d 222, 228 (4th Cir. 2020) ("[T]he purely legal question of whether the constitutional right at issue was clearly established is always capable of decision at the summary judgment stage or on a motion to dismiss" (cleaned up)). This is so because the Fourth Circuit has already determined that, accepting Plaintiffs' factual interpretation of the video evidence as true, it was clearly established at the time of the shooting "that an officer shooting an individual under these circumstances violates the Fourth Amendment." *Byers v. Painter*, 173 F.4th at 166 (defining the relevant circumstances to be those where "an officer . . . use[s] deadly force against a suspect accused of the serious, but non-violent, crime of attempted breaking and entering who possessed a deadly weapon in plain view and disregarded several commands to drop the weapon, but did not make any threatening or furtive movements with the weapon toward the officers or others"). There is thus no "purely legal question" left to resolve on this prong.